FRANCES ENTIN *vs.* EDWIN H. EVANS.

Bristol.    January 5, 1920. — February 25, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Mortgage,* Consideration.    *Bona Fide Purchaser.*    *Conversion.*

A mortgage of goods, given to secure the payment of a note which bore the same date as the mortgage and which was delivered to the mortgagee upon his surrendering several overdue and unpaid notes previously given to him by the mortgagor for sums of money lent by the mortgagee on the dates of the several notes, is supported by a valuable consideration.

One, who in good faith and without notice of any fraud on the part of the mortgagor received a mortgage of goods, which was given to him upon his surrendering overdue and unpaid notes previously given to him by the mortgagor for sums lent from time to time before the giving of the mortgage, may maintain an action of tort for conversion of the goods against a sheriff whose deputy had seized and, after a demand by him, had retained the goods upon a writ of replevin brought against the mortgagor by one who had sold the goods to the mortgagor and had rescinded the sale by reason of the mortgagor's fraud.

TORT against a deputy sheriff for the conversion of goods mortgaged to the plaintiff. Writ dated August 19, 1914.

In the Superior Court the action was tried before *King,* J. The material evidence is described in the opinion. At the close of the evidence, the plaintiff asked for several rulings of law and alleged exceptions to a refusal of the judge to give the following:

"18. Purchaser includes mortgagee.

"19. Value is any consideration to support a simple contract. An antecedent or pre-existing claim whether for money or not, constitutes value where goods are taken in satisfaction or as security therefor."

The plaintiff also excepted to the following portion of the charge to the jury:

"Now she [the plaintiff] has the right to stand in the position of what we call in law a *bona fide* purchaser for value without notice for whatever money she advanced after she got the mortgage or at the time of the mortgage and because of the mortgage, but not to rely on that for money which she advanced theretofore. Now, the law is explicit in this respect. I read you what

was said by our Supreme Judicial Court in the leading case on that subject [*Goodwin* v. *Massachusetts Loan & Trust Co.*], 152 Mass. 189, at page 199: 'Whatever may be the law in the case of a transfer of chattels in payment of a pre-existing debt, when the debt is thereby discharged, we think that by the weight of authority a pledging of chattels as security for a pre-existing debt, when there is no present consideration whatever for the pledge, does not constitute the pledgee a holder for value, within the meaning of the rule we are considering.' Now, applying that to this case, Miss Entin has testified that she advanced various sums of money, twenty-four in all, and she has named them; she says they began January 26, 1912, long before this mortgage was executed; and she says they continued down to January 2, 1914; and that two of the loans were made December 4, 1913, that is the day the mortgage is dated. Now of those loans, if they are loans, if they were *bona fide,* — and by putting it with an 'if' I don't mean to cast any doubt upon it — twenty-one of the twenty-four purport to have been loans made before the mortgage was given. Then the mortgage was given to cover those for a pre-existing debt. And as to those times she was not a *bona fide* purchaser for value without notice, because the law so says; this being a contest between creditors. As to the two loans claimed to have been made on December 4, 1913, those do put her in the position of a *bona fide* purchaser for value, if she made the loans and she says they were $50 each; and one January 2, 1914, $26. Then if you say that Miss Entin knew nothing about the fraudulent statements made by Stollin, if he made them to Elias and Company and if you say that you believe her, that she did make loans to Stollin in good faith, and without any notice of the alleged fraud committed by Stollin, then she is a *bona fide* purchaser for value, without notice, as to so much money as she advanced or loaned to Stollin at the time the mortgage was given and thereafter relying upon it; and those amount to $126. To that extent, if you so find it was *bona fide,* if she had no notice of the fraud of Stollin, if he was guilty of fraud to Elias and Company then she is entitled to prevail to that extent, but not as to the twenty-one payments which she claims she had made before she took the mortgage, and which were, in law, what we call a pre-existing debt. She is not a *bona fide* purchaser as to that, for so our Supreme Judicial Court says."

There was a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*C. A. MacDonald & B. Cook, Jr.,* for the plaintiff.

*A. G. Weeks & J. F. O'Brien,* for the defendant.

CROSBY, J.   This is an action of tort for the conversion of certain goods, brought by a mortgagee against the defendant, a sheriff, whose deputy took possession of them on a writ of replevin in which Joseph Elias and Company was named as plaintiff and Harry Stollin as defendant.   A written demand for the goods was made by the plaintiff in this action on the deputy sheriff.

In July, 1913, Stollin purchased a carload of glass from Joseph Elias and Company and thereafter made payments on account. There was evidence that when the glass was sold Stollin stated that "he owned the business, that it was not mortgaged, and that [he] . . . promised he would not mortgage the business." There also was evidence that the plaintiff at various times between January 26, 1912, and January 2, 1914, lent to Stollin sums of money amounting in all to $1,006.41; that these loans, except the last three, were evidenced by promissory notes payable on demand.   On December 2, 1913, Stollin and his wife gave to the plaintiff a promissory note for $1,000 payable in six months from date, and secured by a mortgage of his stock of goods.   The note and mortgage were executed and the mortgage was recorded on the same day.   The plaintiff testified that she had previously loaned Stollin $880, and held twenty-one of his notes aggregating that amount which she returned to him upon receipt of the note and mortgage for $1,000.   The judge of the Superior Court ruled that the mortgage was given to secure a pre-existing debt so far as it related to the amount due at the date of the mortgage, and for that indebtedness the plaintiff was not entitled to recover.   He instructed the jury, in substance, that if the last three loans (amounting to $126) were made at the time the mortgage was given or thereafter, and were so made by the plaintiff in good faith without any knowledge on her part of fraud committed by Stollin, she was a *bona fide* purchaser for value and could recover. The jury returned a verdict for the defendant.

The plaintiff saved several exceptions, all of which are now waived except those relating to the refusal of the judge to give

the eighteenth and nineteenth requests, and to that portion of the charge in which the jury were instructed that the plaintiff could not recover for loans made before the mortgage was given. This instruction evidently was based upon *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189, from which the judge quoted in his charge. Although in that case it was held that the pledging of chattels as security for a pre-existing debt, when there is no present consideration for the pledge, does not constitute the pledgee a holder for value, we are of opinion that the facts there in question are plainly distinguishable from those in the case at bar. In the present case the plaintiff testified that when the note and mortgage were given to her by Stollin, she returned to him the twenty-one notes representing the $880 previously loaned, and gave him two checks of $50 each, which he cashed. If this evidence was believed by the jury it could have been found that the mortgage was supported by a valuable consideration, and if the loans were made without knowledge on her part of any fraud of Stollin it was valid at common law. While there was a verdict for the defendant, it does not appear on what ground it was rendered; the jury may have found that the three loans were not made by the plaintiff, but she was not precluded from recovering at common law for any loans which she could prove had been made before the date of the mortgage, in good faith and for a present consideration. In view of what we have said, it is unnecessary to determine whether the eighteenth and nineteenth requests should have been given, or whether the law as it previously existed was changed by the sales act. St. 1908, c. 237.

*Exceptions sustained.*